## AMERICAN CAN CO. v. MULKEY SALT CO.

(Circuit Court of Appeals, Sixth Circuit.   May 14, 1920.)

No. 3358.

1. **Patents ☾328—Claim for a vessel of paper united by fused cement anticipated.**

   The Harbeck patent, No. 1,062,002, claim 1, for a vessel having walls made of layers of paper united to each other by a fused cement, *held* void for anticipation.

2. **Patents ☾27(2)—Use of known material for kindred purpose not invention.**

   Where duplex board, composed of sheets of paper united by a fused cement, was old in the art, and had been used for like or kindred purposes, its use in the manufacture of cans was not invention, but only a matter of mechanical skill and judgment.

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit by the American Can Company against the Mulkey Salt Company.   From a decree dismissing the bill, plaintiff appeals.   Affirmed.

John W. Munday, of Chicago, Ill., for appellant.

Edw. N. Pagelsen, of Detroit, Mich., for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge.   This appeal presents the question of the validity of claim 1 of patent No. 1,062,002, issued to the Detroit Can Company on the 20th of May, 1913, on the application of the inventor, Jervis R. Harbeck, filed June 19, 1911, and assigned by him, before issue, to the Detroit Can Company and later assigned by that company to the American Can Company.   The District Court found from the evidence that claim 1 of this patent "is lacking in both novelty and invention and is invalid," and dismissed the bill of complaint to enjoin the defendant from further infringement and for damages.

[1] The principal feature of the claimed invention by Harbeck consists in the use of a fused cement to unite sheets of paper into duplex board, practically impervious to moisture, grease, and aroma.   Claim 1 reads as follows:

"The vessel having walls made of layers of paper united to each other by a fused cement, substantially as specified."

In the disposition of this case it is unnecessary to review the evidence in detail.   The letters patent introduced in evidence conclusively establish the fact that the use of fused cement for the purpose of uniting sheets of paper into duplex board was old in the art at the time Mr. Harbeck claimed he made the discovery.   The Court of Appeals of the District of Columbia, in reversing the ruling of the Patent Office refusing Harbeck's application for a patent, said:

"No evidence was taken nor were affidavits called for in the Patent Office. The statement of appellant in his application must be accepted as true.   The facts of discovery and of utility are admitted.   It is not contended that impervious sheets made of layers of paper united by fused cement capable of being converted into air-tight and water-proof vessels were in prior use."

If the same admission were now made, this court would probably reach the same conclusion, but issue is joined by the pleadings in this case as to all these questions, and the evidence establishes a state of facts entirely contrary to the admissions upon which the Court of Appeals of the District of Columbia relied in arriving at its judgment.

In this connection it also appears that some of the more important exhibits showing the prior patent art that are before this court were not presented to that court in the appeal proceedings. Therefore the judgment of that court, predicated upon an entirely different record, containing no evidence tending to prove that impervious duplex board made of sheets of paper united by fused cement capable of being converted into air-tight and water-proof vessels was old in the art, and had been used for similar purposes and known commercially for more than two years prior to the time the Harbeck application for patent was filed, is not helpful in determining any of the questions involved in this case.

[2] It follows that if duplex board composed of sheets of paper united together by a fused cement was old in the art, and had been used for like or kindred purposes, the use of this material by the appellant in the manufacture of its cans is not invention, but a matter of mechanical skill and judgment. In this case, however, the evidence also warrants the conclusion that this use had been practically accomplished, or at least fully anticipated by former patents.

For the reasons above stated, the judgment of the District Court is affirmed.